RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/17/05
BY DM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ELBA JULIETTE GIDDENS WOODS | CIVIL ACTION NO. 05-0704 |
|---|---|
| VERSUS | JUDGE DONALD E. WALTER |
| ECKERD CORPORATION, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss or, in the alternative, for Summary Judgment [Doc. #7] filed on behalf of defendant, A I G Domestic Claims, Inc. (formerly A I G Claim Services, Inc.), ("AIG"), pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively pursuant to Federal Rule of Civil Procedure 56. No opposition to this motion has been filed. Since the exhibits filed with this motion have been considered by the Court, the motion is being treated as a Motion for Summary Judgment. For the reasons assigned herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## STATEMENT OF FACTS

Plaintiff, Elba Juliette Giddens Woods ("Woods"), filed a complaint against Defendants alleging negligence after she tripped and fell outside an Eckerd drug store in Minden, Louisiana. Defendant, AIG, filed the motion presently before this Court asserting that AIG is a claims adjusting company and does not provide insurance coverage, therefore having no liability in this action. Plaintiff has not agreed to voluntarily dismiss the claims against AIG.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory

2

or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Defendant, AIG, filed the current motion stating that it is an "adjustment company and had no involvement in the alleged incident." A statement of facts and an affidavit of Mike Fleming, a casualty claims specialist supervisor for AIG, were also filed with the motion. Both documents state that AIG is not an insurance provider and did not provide a policy of insurance covering the Eckerd store in Minden. For the purposes of the Motion for Summary Judgment, these facts are deemed admitted unless controverted.[1] The burden falls on Woods to "go beyond the pleadings and designate specific facts ... showing that there is a genuine issue for trial."

---

[1] Local Rule 56.1 and 56.2 provide that the moving party in a Motion for Summary Judgment shall file a Statement of Uncontested Facts and the facts will be deemed admitted for purposes of this motion unless opposed.

*Wallace* at 1047. Woods has failed to meet this burden as she has not provided the Court any additional evidence to show that AIG is a proper party in this case. Without being able to substantiate that AIG may be liable for damages, the claims against AIG must be dismissed.

Accordingly, Defendant's Motion for Summary Judgment [Doc. #7] is **GRANTED**, and all claims against AIG are dismissed.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE