RECEIVED
AUG 1 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELBA JULIETTE GIDDENS WOODS | CIVIL ACTION NO. 05-704 |
| versus | JUDGE WALTER |
| ECKERD CORPORATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

The defendants removed this case based on an assertion of diversity jurisdiction. They have properly alleged the citizenship of the parties, but the amount in controversy element is in question. The removing defendant has the burden of showing that the amount in controversy element of diversity jurisdiction is satisfied. In determining whether the defendant has met that burden, the court may look to the plaintiffs' pleadings to see whether it is facially apparent that the claims are for more than $75,000. The removing attorney may also support jurisdiction by setting forth the facts in controversy, either in the notice of removal or by affidavit, that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

Plaintiff's petition alleges she was attempting to enter an Eckerd Drug Store when her foot became hung up in rugs and mats outside the front door, causing her to trip and fall to the cement sidewalk in front of the store. Petition, ¶ 3. Petitioner managed to drive home,

but began hurting and sought medical attention at a hospital. Paragraph 5. Plaintiff alleges the fall caused her to "suffer damages," such as pain, suffering and mental anguish, but no further particulars are offered. Plaintiff also claims medical expenses were incurred, but there is no hint as to the nature, duration or expense of medical care rendered. Paragraph 6. The notice of removal contains only a conclusory assertion that the petition "indicates" an amount in controversy that exceeds the requisite jurisdictional amount. Defendants also observe that Plaintiff did not stipulate that her damages were less than the jurisdictional minimum, but Defendants must keep in mind that the burden is on them to establish jurisdiction; Plaintiff need not disprove it.

The removing parties will be permitted until **September 12, 2005** to file an amended notice of removal and attempt to state specific facts that will satisfy their burden of establishing diversity jurisdiction. If the facts stated are not sufficient, the case may be remanded without further notice.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 18 day of August, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE