UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELBA JULIETTE GIDDENS WOODS | CIVIL ACTION NO. 05-0704 |
| versus | JUDGE WALTER |
| ECKERD CORPORATION, ET AL. | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION[*]

This is a suit for personal injury. Plaintiff claims she tripped and fell on a stack of rugs and mats as she was attempting to enter a store operated by Eckerd Corporation ("Eckerd"). Doc. 1, ¶ 3. On April 15, 2005, Eckerd propounded to Plaintiff a set of interrogatories and requests for production of documents. Plaintiff failed to respond. On May 25, 2005, counsel for Eckerd wrote to counsel for Plaintiff and requested responses to the outstanding discovery. No response was received.

On June 13, 2005, Eckerd filed a Motion to Compel (Doc. 9). The undersigned granted the motion to compel and ordered Plaintiff to respond fully to Eckerd's written discovery within 15 days of the date of the Order, or June 29, 2005. Doc. 10. Eckerd's request for costs associated with the motion was deferred.

Before the court is a Motion for Sanctions for Failure to Comply with Discovery Order (Doc. 13) filed by Eckerd. The motion represents that, despite this court's order,

---

[*]This Report and Recommendation is not intended for commercial print or electronic publication.

Plaintiff still has not provided any responses to the interrogatories or requests for production of documents. Eckerd's motion was noticed for briefing, and Plaintiff's opposition to the motion was due on August 16, 2005. Doc. 14. However, as of the date of this report and recommendation, no opposition has been filed.

Eckerd seeks dismissal or other appropriate sanctions against Plaintiff for failure to respond to the discovery and comply with the court's prior discovery order. Federal Rule of Civil Procedure 37(b)(2) provides in relevant part as follows:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> . . .
> (C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or *dismissing the action* or proceeding or any part thereof, or rendering judgment by default against the disobedient party; . . .
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. [Emphasis added.]

The Fifth Circuit has stated that several factors must be present before a district judge may dismiss a case as a sanction for violating a discovery order. First, the refusal to comply must result from willfulness or bad faith and be accompanied by a clear record of delay or contumacious conduct. Second, the violation of the discovery order must be attributable to the client instead of the attorney. Third, the misconduct must substantially prejudice the opposing party. Finally, dismissal is usually improper if a less drastic sanction would

substantially achieve the desired deterrent effect.  FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

In this case, Plaintiff's failure to comply with the discovery can only be attributable to willfulness or bad faith, insofar as Plaintiff has never responded in any way to the discovery requests, counsel for Eckerd's letters requesting responses, the court's prior discovery order or the instant motion.  Eckerd certainly is substantially prejudiced by these failures because Plaintiff is denying Eckerd access to information and documentation necessary to present a full and complete defense to Plaintiff's allegations.  This is not a situation where the Plaintiff has provided incomplete responses or delayed responses; instead, Plaintiff has provided nothing and apparently believes she is free to ignore the rules and this court's discovery orders.  In this instance, a less drastic sanction, such as an award of monetary sanctions, would not have the desired deterrent effect.

It is a closer call as to whether Plaintiff herself is responsible for this misconduct or whether it is attributable solely to Plaintiff's counsel.  Had Plaintiff delayed responding to the discovery or propounded incomplete or misleading responses to the discovery, the court would be less inclined to attribute that conduct to Plaintiff personally.  However, the Plaintiff in this case has completely ignored her discovery obligations and the authority of this court to enforce those obligations.  Due to the pervasiveness of the misconduct in this case, the undersigned believes it is reasonable to attribute such misconduct to Plaintiff personally. Accordingly, Plaintiff's case should be dismissed without prejudice under Rule 37(b)(2) due

to Plaintiff's failure to provide discovery and comply with this court's discovery order. Given the severity of the sanction recommended herein, no monetary sanction is recommended. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to provide discovery and comply with this court's discovery order.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana on this 23rd day of September, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE